IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **GRIFFIN BAILEY**, | |
| Plaintiff, | Case No. 2:21-cv-5164 |
| v. | Judge Graham |
| **UNITED OF OMAHA LIFE INSURANCE COMPANY, et al.**, | Magistrate Judge Jolson |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Griffin Bailey brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA") against Defendants United of Omaha Life Insurance Company ("United") and Hirschvogel Incorporated ("Hirschvogel"). Plaintiff claims United and Hirschvogel violated provisions of ERISA by denying his claim for life insurance benefits from policies belonging to his late father, Adam Bailey.

This matter is before the Court on Hirschvogel's motion to dismiss, Doc. 7. For the reasons set forth below, the Court denies Hirschvogel's motion.

**I.     Background**

**A.  Factual Background**

Adam Bailey was an employee of Hirschvogel from September 16, 2016 to September 24, 2019. Compl. at ¶¶ 12-13. During his employment, he obtained two life insurance policies (the "Policies") taken out as part of an employee welfare benefit plan established by Hirschvogel under the provisions of ERISA. *Id.* at ¶ 1, 14-15. Plaintiff is the sole beneficiary of the proceeds from the Policies. *Id.* at ¶ 17.

Adam Bailey died in a traffic accident on November 6, 2019, less than two months after terminating his employment with Hirschvogel. *Id.* at ¶ 18. Shortly after Adam Bailey's death, Hirschvogel discovered that a glitch in their system caused United to not be informed when several employees, including Adam Bailey, terminated their employment. *Id.* at ¶¶ 19-20. As a result, Adam Bailey's life insurance was not canceled at the end of his employment, the premiums continued to be paid, and he was not notified of the possibility that his life insurance would be canceled. *Id.* at ¶ 22, 28. Upon discovering the issue, Hirschvogel retroactively terminated Adam Bailey's life insurance effective September 30, 2019. *Id.* at ¶ 21.

### B. Procedural Background

Plaintiff submitted a claim for life insurance benefits to United and Hirschvogel. *Id.* at ¶ 25. United reviewed the claim and ultimately denied it, explaining that the Policies were terminated on September 30, 2019, prior to Adam Bailey's death. *Id.* at ¶ 30. Plaintiff then appealed United's decision. *Id.* at ¶ 32. United denied Plaintiff's appeal. *Id.* at ¶ 38.

Plaintiff filed a two-count complaint on October 29, 2021. *Id.* Count I is a claim against United for benefits under ERISA, 29 U.S.C. § 1132. *Id.* at ¶¶ 44-48. Count II is a claim for "other remedies." Specifically, Plaintiff alleges that United and Hirschvogel "violated the provisions of ERISA, including breach of their fiduciary duty, in their handling of Griffin Bailey's claim for life insurance benefits, administration of those benefits, and denial of those benefits to Plaintiff." *Id.* at ¶ 50.

Before the Court is Hirschvogel's motion to dismiss Count II of Plaintiff's Complaint. Doc. 7.

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a claim must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted).

## III. Discussion

### A. Legal Basis for Claim

The first step in determining whether Plaintiff has asserted a claim upon which relief can be granted is to discern the legal basis for Count II. Plaintiff, in his response brief, dodges the issue by asserting that "Count II does not list a specific ERISA statutory provision under which Plaintiffs claims are made against Hirschvogel and [he] is accordingly afforded broad based relief under whichever ERISA provision fits Plaintiff's allegations." Doc. 11 at 5-6. In other words, he leaves to Hirschvogel and the Court to find every source of relief provided under ERISA, formulate his argument as to how the facts alleged in his Complaint might fit those sources of relief, and evaluate whether the claim is ultimately viable.

The District Court for the Eastern District of Michigan dealt with a similar situation, in which a pro se plaintiff brought claims under the Americans with Disabilities Act without specifying a legal basis. *Al-Janabi v. Wayne State Univ.*, No. 20-12655, 2021 WL 1224205, at *3 (E.D. Mich. Apr. 1, 2021), aff'd sub nom. *Al-Janabi v. Wayne State Univ.*, No. 21-1399, 2021 WL

8264677 (6th Cir. Dec. 15, 2021). The court found that "[p]laintiff cannot simply cite an entire body of law 'ADA law' and survive a motion to dismiss." *Id.* at *4. It explained that "such a complete lack of legal support cannot establish a valid claim for relief." *Id.*

The Court agrees with *Al-Janabi* that it is improper for a plaintiff to fend off a motion to dismiss by relying on a claim's ambiguity. However, a cursory review of ERISA's civil enforcement provisions establishes that Count II can only possibly assert a claim under 29 U.S.C. § 1132(a)(3).

Some legal context is necessary. ERISA's civil enforcement statute, 29 U.S.C. § 1132, empowers beneficiaries to bring a civil action in four situations: (1) to obtain a fee for an administrator's or employer's failure to provide certain information, § 1132(a)(1)(A); (2) to recover benefits due under the plan, enforce rights under the plan, or clarify rights to future benefits under the plan, § 1132(a)(1)(B); (3) to obtain appropriate relief from a breach of fiduciary duty, § 1132(a)(2); and (4) to enjoin any act or practice which violates ERISA or obtain other appropriate equitable relief, § 1132(a)(3).

Count II cannot be construed as bringing a claim under § 1132(a)(1)(A). This provision is used by beneficiaries to obtain a fee when an administrator or employer fails to satisfy an obligation. *See* 29 U.S.C. § 1132(a)(1). For example, a beneficiary may receive a fee of up to $100 a day if an administrator fails to comply with a request for information which the administrator is required to produce. 29 U.S.C. § 1132(c)(1). Plaintiff acknowledges in his response brief that "[t]he failure to provide certain plan documents can merit an award of statutory fees . . . under ERISA." Doc. 11 at 7. However, nowhere does he demand such fees in his Complaint.

Count II also cannot be a claim for benefits due under § 1132(a)(2)(B) because Count I presents such a claim. The Complaint provides that "Griffin Bailey brings [Count I] under 29

4

U.S.C. § 1132 and seeks a determination of his right to life insurance benefits and an award of those benefits." Doc. 1 ¶ 45.

Finally, Count II is not the type of claim permitted by § 1132(a)(2). This provision permits a beneficiary to file a civil action for appropriate relief from a breach of fiduciary duty. 29 U.S.C. § 1132(a)(2). "Appropriate relief" in this context means for the fiduciary to:

> [M]ake good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and [] be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109. This relief inures to the benefit of the plan as a whole, not an individual beneficiary. K*matz v. Metro. Life Ins. Co, No. 1-:04-CV-436*, 2006 U.S. Dist. LEXIS 26268, at *23 (S.D. Ohio May 4, 2006). Here, Count II does allege a breach of fiduciary duty. Doc. 1 at ¶ 50. But the Complaint is devoid of any suggestion that Count II is brought for the benefit of the Plan.

The only remaining possibility is a claim under § 1132(a)(3), the "safety net" of ERISA civil enforcement provisions. *See Varity Corp v. Howe*, 516 U.S. 489, 512 (1996).

### B. Claim Under § 1132(a)(3)

As alluded to above, § 1132(a)(3) "functions as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Id*. That § 1132(a)(3) is a safety net has two important implications. First, a claimant may not use § 1132(a)(3) if a different ERISA civil enforcement provision could adequately remedy the harm. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (citing *Varity Corp.*, 516 U.S. at 512) ("The Supreme Court clearly limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves to § 1132's other remedies."); *Rochow v. Life Ins. Co.*

*of N. Am.*, 780 F.3d 364, 372-73 (6th Cir. 2015) (en banc) ("*Wilkins* makes clear that the availability of relief under [§ 1132(a)(3)] is contingent on a showing that the claimant could not avail himself or herself of an adequate remedy pursuant to [§ 1132(a)(1)(B)]."). Crucially, in deciding whether a beneficiary may file a claim under § 1132(a)(3), courts must look at the "adequacy of relief to redress the claimant's injury, not the nature of the defendant's wrongdoing." *Donati v. Ford Motor Co., Gen. Ret. Plan, Ret. Comm.*, 821 F.3d 667, 673 (6th Cir. 2016) (quoting *Rochow*, 780 F.3d at 371).

Second, a claimant may file a § 1132(a)(3) claim in parallel with a different ERISA civil enforcement provision only if each claim is premised on a "separate and distinct injury." *See Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840-41 (6th Cir. 2007); *Rochow*, 780 F.3d at 372. Where the injury is not separate and distinct, the § 1132(a)(3) claim is an impermissible repackaging of the other claim. *See Rochow*, 780 F.3d at 373 ("Impermissible repackaging is implicated whenever, in addition to the particular adequate remedy provided by Congress, a duplicative or redundant remedy is pursued to redress the same injury.").

Here, Plaintiff filed two ERISA claims – a claim for benefits under § 1132(a)(1)(B) in Count I and, as determined above, a claim for other remedies under § 1132(c)(3) in Count II. Hirschvogel alleges that Count II is an impermissible repackaging of Plaintiff's claim for benefits under Count I. For Count II to survive the present motion to dismiss, therefore, it must accomplish two things: (1) assert an injury which cannot be adequately redressed by a different ERISA civil enforcement provision and (2) assert an injury which is separate and distinct from the injury in Count I.

Starting with the second of these requirements first, the Court finds that Count II asserts an injury which is separate and distinct from the injury in Count I. Implicit in Count I is that Plaintiff

6

was injured by United's denial of benefits which was "arbitrary and capricious, erroneous, and/or in breach of contract." Doc. 1 at ¶ 47. Count II, on the other hand, alleges that United and Hirschvogel breached their fiduciary duty in the handling of Plaintiff's claim. *Id.* at ¶ 50. The factual basis for this claim is that Adam Bailey was not notified that the Policies would be canceled, and the Policies were in-fact not canceled, until after Adam Bailey's death. The Policies were then retroactively canceled to a date prior to Adam Bailey's death. The Court construes Count II to allege that Plaintiff was injured by the lapse in Adam Bailey's life insurance, which purportedly occurred because he was not provided notice of cancelation or given the opportunity to extend or seek out other life insurance. Thus, Count II raises a separate and distinct injury.

A separate and distinct injury alone is not enough to justify a § 1132(c)(3) claim, however. *Donati*, 821 F.3d at 674. Plaintiff must also establish that a different ERISA civil enforcement provision cannot adequately remedy his injury. The Sixth Circuit in *Gore* was presented with a similar situation. In *Gore*, the court found that the plaintiff alleged separate and distinct injuries – wrongful denial of plan benefits and breach of fiduciary duty due to the employer's misinforming the plaintiff of the plan's eligibility requirements. 477 F.3d at 840. It found that the breach of fiduciary duty claim may be brought under § 1132(c)(3) because it was brought against an employer who could not be sued under § 1132(a)(1)(B). *Id.* ("unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." (quoting *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1998))).

Here, Plaintiff properly alleges Count II against Hirschvogel. Hirschvogel concedes that it could not be named in Count I, Plaintiff's claim under § 1132(a)(1)(B). Doc. 7 at 4 n. 3. Therefore, as in *Gore*, Plaintiff could only bring his breach of fiduciary duty claim against Hirschvogel in Count II under § 1132(c)(3).

In sum, Plaintiff's complaint alleges in Count II a separate and distinct injury from Count I which cannot be remedied through a claim brought under any ERISA provision but for § 1132(a)(3). Therefore, Plaintiff adequately alleges a claim under § 1132(a)(3).

### IV. Conclusion

For the reasons stated above, Hirschvogel's motion to dismiss, Doc. 7, is **DENIED**.

**IT IS SO ORDERED**.

                                                           s/ James L. Graham
                                                           JAMES L. GRAHAM
                                                           United States District Judge

DATE: March 22, 2023