**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GRIFFIN BAILEY,**

      **Plaintiff,**

    **v.**                        **Civil Action 2:21-cv-5164
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson**

**UNITED OF OMAHA LIFE
INSURANCE COMPANY, et al.,**

      **Defendants,**

## OPINION AND ORDER

This matter is before the Court on Defendant Hirschvogel Incorporated's ("Hirschvogel") Motion for Leave to File Answer Instanter (Doc. 36).  For the reasons that follow, the Motion (Doc. 36) is **GRANTED**.

### I.   BACKGROUND

On October 29, 2021, Plaintiff filed his Complaint, alleging Defendants wrongfully denied benefits under his father's life insurance policy in violation of E.R.I.S.A.  (Doc. 1).  Hirschvogel filed a Motion to Dismiss the Complaint on December 27, 2021.  (Doc. 7)  And on January 11, 2022, Defendant Omaha Life Insurance Company ("Omaha") answered the Complaint and filed a crossclaim against Hirschvogel.  (Doc. 10).  Hirschvogel answered the crossclaim (Doc. 10) on February 1, 2022.  (Doc. 15).  Omaha then amended its crossclaim (Doc. 16), which Hirschvogel later answered (Doc. 17).

On March 22, 2023, the Court denied Hirschvogel's Motion to Dismiss.  (Doc. 25).  The Court amended the case schedule, setting the dispositive motions deadline for August 11, 2023. (Doc. 30).  The parties complied and filed motions for summary judgment (Docs. 31, 32, 33, 35),

and responded in opposition to the opposing parties' summary judgment motions thereafter (Docs. 41, 42, 43, 44).  In Plaintiff's Motion for Summary Judgment against Hirschvogel (Doc. 32), Plaintiff argues that Hirschvogel admitted the allegations in Plaintiff's Complaint when it failed to answer the Complaint within fourteen days of the Court's ruling on the Motion to Dismiss.  (*See* Doc. 32 at 6–10; *see also* Doc. 38 at 3–4).

Now, Hirschvogel moves for leave to file its answer to the Complaint *instanter*.  (Doc. 36). Plaintiff opposes, arguing that he would be prejudiced if Hirschvogel was permitted to answer the Complaint after dispositive motions were filed.  (Doc. 38).  The Motion is ripe for review.  (Docs. 36, 38, 39).

## II.    STANDARD

Under Federal Rule of Civil Procedure 6(B)(1)(b), the Court may grant leave to file where a party's failure to act was due to excusable neglect.  Fed. R. Civ. P. 6(B)(1)(b).  The Sixth Circuit has described the standard the Court must apply as follows:

> [T]he governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late filing party acted in good faith.

*Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Excusable neglect is an "elastic concept" permitting courts to "accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control."  *Pioneer*, 507 U.S. at 381.

## III.    DISCUSSION

The factors weigh in favor of granting Hirschvogel's Motion (Doc. 36).  Turning first to

prejudice, Plaintiff indicates that he will be prejudiced because his argument for summary judgment in his favor is based in part upon Hirschvogel's failure to answer his Complaint. (Doc. 38 at 3–4). But, as Hirschvogel indicates, Plaintiff has had the opportunity to conduct extensive discovery into areas that would be relevant only if Hirschvogel had not admitted the facts in Plaintiff's Complaint. Said differently, because Hirschvogel laid out its defenses to Plaintiff's Complaint in the Motion to Dismiss (Doc. 7) and those defenses are the same as those raised in its proposed answer (Doc. 36-1), Plaintiff's strategy for conducting discovery would have presumably remained unchanged even if Hirschvogel had timely answered.

Notably, Plaintiff does not argue that discovery was impacted by Hirschvogel's failure to answer. Instead, Plaintiff says he would be prejudiced if Hirschvogel were allowed to answer now because he uses Hirschvogel's failure to answer as support for his Motion for Summary Judgment (Doc. 32). (Doc. 38 at 3–4). The Court appreciates the inconvenience caused by Hirschvogel answering at such a stage in the litigation but is inclined to allow the matter to be resolved on the merits of the motions for summary judgment, instead of on a procedural default based on Hirschvogel's failure to timely answer. And while Plaintiff will be prejudiced by needing to spend additional time and resources amending his summary judgment motion, "prejudice alone may not, in all instances, provide a basis upon which the Court will deny a party leave to file instanter if other circumstances suggest that denial would be unjust." *Thompson v. Ohio State Univ.*, No. 2:12-CV-1087, 2014 WL 2711176, at *2 (S.D. Ohio June 13, 2014), *objections overruled sub nom. Thompson v. Ohio State University*, No. 2:12-CV-1087, 2014 WL 3341333 (S.D. Ohio July 8, 2014) (citations omitted). *See also Elliott v. Simms*, No. 2:08–cv–1144, 2009 WL 1362508, at *3 (S.D. Ohio May 13, 2009) (granting defendants' motion for leave to file answer instanter despite a finding that plaintiff would be prejudiced). And, as described below, Plaintiff will have an

3

opportunity to file a supplemental motion and briefing.

Next, the Court finds the delay and its potential impact on judicial proceedings factor favors granting leave to answer *instanter*. Hirschvogel moved for leave to answer 128 days after the deadline, and, while this is not a short delay, its potential impact on judicial proceedings is minimal. *See Morgan v. Gandalf, Ltd.*, 165 Fed. App'x 425, 429 (6th Cir. 2006) (allowing defendants to file an answer eight months late); *Thompson*, No. 2:12-CV-1087, 2014 WL 2711176, at *2 (allowing defendants to answer 102 days late); *Tolliver v. Liberty Mut. Fire Ins. Co.*, 2:06–CV–00904, 2008 WL 545018, at * 1 (S.D. Ohio Feb. 25, 2008) (finding that a delay of "slightly more than two months" would not prejudice "the Court in its ability to resolve this litigation in a timely fashion."). For example, a trial date does not need to be moved.

As to the third factor, Hirschvogel indicates that the reason for delay was excusable neglect. (Doc. 36 at 2; 39 at 10–11). "[A]lthough attorney error or inadvertence will not ordinarily support a finding of excusable neglect," this factor must be weighed with the other factors and the interests of justice. *Morgan*, 165 F. App'x at 429. Because excusable neglect is an "elastic concept" permitting courts to "accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control[,]" *Pioneer*, 507 U.S. at 381, the Court finds that denying Hirschvogel leave to file their answer would not serve the interest of justice. As discussed below, all parties have actively litigated this case and there is no evidence of bad faith on Hirschvogel's part in failing to answer timely.

Lastly, as to the fourth and fifth factors, Hirschvogel admits that the failure to answer timely was within its control. But the record does not show bad faith, despite Plaintiff's suspicion (Doc. 38 at 6–8). Hirschvogel has actively defended the case by filing a Motion to Dismiss (Doc. 7), answering Omaha's crossclaim and amended crossclaim (Docs. 15, 17), and raising and

4

resolving discovery disputes (Doc. 19).  *See Thompson*, No. 2:12-CV-1087, 2014 WL 2711176, at *3 (finding no evidence of bad faith when defendants filed two motions to dismiss the case); *see also Taylor v. Cleveland Healthcare Grp. Inc.*, No. 1:11–CV01838, 2011 WL 5873018, at *1 (N.D. Ohio Nov.22, 2011) (finding no bad faith where defendants had appeared in the litigation by removing the case to federal court).  Moreover, counsel for Hirschvogel has sworn that the proposed Answer and instant Motion were filed as soon as he discovered the error in failing to answer timely.  (Doc. 36-2 at 8 (Clark affidavit)); *see Thompson*, No. 2:12-CV-1087, 2014 WL 2711176, at *3 (citing defendants' immediate filing upon discovering that the response was past due as a factor in determining good faith); *see also Elliott*, 2009 WL 1362508 at *3 (same).

## IV.    CONCLUSION

Hirschvogel's Motion for Leave to File an Answer Instanter is **GRANTED**.  (Doc. 36). The Clerk's Office is **DIRECTED** to file Doc. 36-1 as Defendant Hirschvogel Incorporated's Answer to Plaintiff's Complaint.  Since Plaintiff's Motion for Summary Judgment (Doc. 32) argues Hirschvogel's failure to answer as an admission to the allegations in the Complaint, Plaintiff is **GRANTED** leave to amend his Motion for Summary Judgment against Hirschvogel.  He must make such an amendment **within twenty-one days** of the date of this Order.  Hirschvogel will have twenty-one days thereafter to respond to any supplemental brief in support of Plaintiff's Motion for Summary Judgment against Hirschvogel, and Plaintiff will have fourteen days to reply.

IT IS SO ORDERED.


Date:   September 7, 2023                            /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE

6